```
                  UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF TENNESSEE
                        NASHVILLE DIVISION
```

BRIDGEPORT MUSIC, INC., *et al.,*  )
             )
  Plaintiffs      )
             )
v.            )
             )
DEEP TECHNOLOGY MUSIC, INC., )  No. 3:01-718
*et al.,*          )  Judge Campbell/Brown
             )  **Jury Demand**
and           )
             )
3:01-0733 (EMI April)   )
3:01-0935 (Careers-BMG)  )
3:01-0971 (EMI Blackwood) )
3:01-1037 (Careers-BMG)  )
3:01-1105 (Elektra)    )
3:01-1156 (Remedi)    )
             )
  Defendants      )

## **O R D E R**

The Plaintiffs in this matter have filed a motion for judicial notice and a request for ruling (Docket Entry 235, April 12, 2013). This motion is **GRANTED** and the Magistrate Judge will take judicial notice of orders filed in Michigan cases.

The Magistrate Judge will also take notice of the decision of the Sixth Circuit Court of Appeals Docket 12-153 in *Bridgeport Music, Inc. v. Smith*, filed May 1, 2013. In this decision the Sixth Circuit affirmed the rulings of District Judge Paul D. Borman and held that Janyce Tilmon-Jones' (Tilmon-Jones) effort to reopen litigation under Fed. R. Civ. P. 60(b) were without merit and that her appeal from that decision was without merit because her original motion to reopen under Rule 60 was

untimely and barred by a release. The Sixth Circuit, upon finding the appeal was frivolous, awarded sanctions. In footnote 4 the Sixth Circuit succinctly set out the history of the litigation by Tilmon-Jones in Michigan and in Tennessee. As the Sixth Circuit noted in that footnote the grounds cited by the undersigned for denying her Rule 60 motion in the Tennessee litigation was substantially the same as those before Judge Borman in Michigan.

The Magistrate Judge does find that sanctions are justified in this case against Tilmon-Jones. The Plaintiffs have submitted a claim for attorneys' fees in the amount of $76,540.50 plus $1,783.77 in costs (Docket Entries 211 and 211-1). In Tilmon-Jones' response to this billing statement (Docket Entry 214) Tilmon-Jones requested permission to file a response to the affidavit of Richard Bush in order to contest the reasonableness of his billing record. Ms. Tilmon-Jones may do so within **21 days** of the entry of this order along with any argument about sanctions the Magistrate Judge is considering.

At the present time the Magistrate Judge is considering the awarding of $1,783.77 as expenses and $50,000 in attorneys' fees for all motions in all cases. The Magistrate Judge believes that this is a sufficient sanction under Rule 11, as well as 28 U.S.C. § 1927 to punish and deter such conduct by Tilmon-Jones.

The Magistrate Judge is satisfied that the hourly billing rates claimed by Plaintiffs' law firm in this matter are within the reasonable rates in the Nashville area. The issue of how much time is reasonable to expend in defending this case and how much of

those efforts are duplicated because of substantially similar pleadings in the Michigan cases from a practical standpoint is difficult to resolve from a examination of over 180 pages of billing records contained in Docket Entry 211-1.

The Magistrate Judge believes that Plaintiffs' counsel passed up several opportunities to simplify this procedure and has filed some pleadings, which were excessive to the needs of the case. Nevertheless, for the reasons the Magistrate Judge has stated in previous orders, as well as for the reasons stated by the Michigan judges and the Court of Appeals, the Magistrate Judge is satisfied that Tilmon-Jones' efforts to intervene in the Nashville cases was ill-founded and without merit and that in the language of 28 U.S.C. § 1927 multiplied the proceedings in this unreasonably and vexatiously. Accordingly, Tilmon-Jones may be required to personally satisfy the excess costs and expenses and attorneys' fees reasonable occurred because of such conduct.[1]  Even though Tilmon-Jones may have been ill-served by attorneys in Michigan she signed the pleading in this case and under Rule 11 is fully responsible for their contents. Whether she might have any recourse against the attorney advising her is not before this Court.

Since Plaintiffs' counsel at times wishes to pick up hot horseshoes, the Magistrate Judge does not want any reply by the

---

[1] It is apparent to the Magistrate Judge that one or more attorneys are ghost writing the Tilmon-Jones pleadings. Docket Entry 214 is clearly not the product of Tilmon-Jones as the Plaintiffs point out in their response (Docket Entry 228). To the extent Ms. Tilmon-Jones wishes to file a response, she should clearly identify by name any attorney who helps her prepare such a response.

Plaintiffs to any response Tilmon-Jones files without the express request of the Magistrate Judge.

It is so **ORDERED**.

/s/ Joe B. Brown  
JOE B. BROWN  
United States Magistrate Judge

4